IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David D. Meyers,

    Petitioner,

v.

United States of America,

    Respondent.

Case No. 2:11-cv-0656
Crim. No. 2:08-cr-0071(1)

JUDGE GREGORY L. FROST
Magistrate Judge Kemp

## OPINION AND ORDER

The petitioner in this 28 U.S.C. §2255 action pleaded guilty to one count of distributing more than five grams of crack cocaine. On October 24, 2008, the Court sentenced him to a term of imprisonment of 64 months, plus a four-year term of supervised release. He did not appeal.

Almost two years later, on July 20, 2011, petitioner filed his motion under §2255. He appears to be attempting to bring his case within the Fair Sentencing Act of 2010, which was signed into law on August 3, 2010. *See* Pub.L. 111–220, 124 Stat. 2372 (Aug. 3, 2010). A Magistrate Judge screened the motion and has recommended that it be dismissed as time-barred, or, alternatively, because it lacks merit. Objections, if any, to that recommendation were due by September 5, 2011. Petitioner has not filed an objection, but he did file a motion for appointment of counsel. For the following reasons, the Court denies both the motion for appointment of counsel and the motion to vacate.

I.

Petitioner asks for counsel in this case due to the fact that "I have no knowledge of what I am filling out. Not alone what issues I am trying to raise." He suggests that the only relief he seeks is to have his 64-month sentence reduced to 60 months and that he is not necessarily

seeking relief under the Fair Sentencing Act.

Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must appoint an attorney for a petitioner if it has determined that an evidentiary hearing is necessary. That has not happened here. The Court may appoint counsel at any stage of a §2255 case under the Criminal Justice Act, 18 U.S.C. §3006A, but that appointment is discretionary, and the Court typically does not appoint counsel in a case which is not overly complex and may be resolved on the record. *See, e.g., Camcho v. United States*, 2010 WL 4365479, *1 (N.D. Ohio October 28, 2010), *citing, inter alia, Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). That is the case here, and the Court therefore declines to appoint counsel for petitioner to prosecute this action.

## II.

The Report and Recommendation concluded that the one-year statute of limitations found in 28 U.S.C. § 2255(f) bars this motion. It did so because petitioner's conviction became final on November 3, 2008, and he filed his petitioner more than a year after that date. Petitioner does not contest these facts, nor does he make any argument that any of the provisions of §2255(f), or any principles of equitable tolling, serve to extend the statute of limitations.

He does appear to wish to take advantage of changes either in the statutory law or the sentencing guidelines that went into effect after he was sentenced, and too late for him to have raised such issues in a petition filed within a year of the date that his conviction became final. As the Report and Recommendation observed, however,

> the statute of limitations does not make an exception for petitions that are based on an intervening change in statutory law. Section 2255(f)(3) does permit an otherwise untimely petition to be heard on its merits if it is based on new right which has been "recognized by the Supreme Court and made retroactively

> applicable to cases on collateral review." The right asserted in this case, however, is not a right recognized by the Supreme Court, but one enacted by Congress. As the court in <u>Craft v. United States</u>, 2011 WL 767401, *4 (N.D. Ohio February 28, 2011) (also a case involving the Fair Sentencing Act of 2010) noted, this particular "ground of relief does not fall under 28 U.S.C. § 2255(f)(3), as the right has not 'been newly recognized by the Supreme Court' and has not been 'made retroactively applicable to cases on collateral review.' This claim is therefore untimely as it was made after the one-year statute of limitations period."

Report and Recommendation, Doc. #36, at 2-3. Clearly, this action is time-barred. The Court also agrees that binding precedent, that being the Court of Appeals' decision in *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), prohibits the retroactive application of the Fair Sentencing Act of 2010. In short, petitioner is not entitled to any relief at this time based on intervening changes in the law.

### III.

It is possible to read petitioner's motion for appointment of counsel as a disavowal of any intent to seek relief under the Fair Sentencing Act of 2010. If that is so, he has not advanced any other reason why the Court either should, or can, reduce his sentence, especially when he has filed his §2255 motion outside of the limitations period.

All of this is not to say, however, that petitioner will never be entitled to a reduction in his sentence. The United States Sentencing Commission has voted to give retroactive effect to a proposed permanent amendment to the United States Sentencing Guidelines which implements the Fair Sentencing Act of 2010. Unless Congress disapproves that amendment, it will become effective on November 1, 2011. Should that happen, and should petitioner become eligible for a reduction in his sentence as a result, the Court anticipates asking the Federal Public Defender to seek relief on behalf of any defendant who is eligible for relief, much as it has done in similar circumstances in the past. Because none of this has happened yet, however, the Court agrees

with the Magistrate Judge that the denial of this particular motion is appropriate.

**IV.**

For all of these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. #36) and **DENIES** petitioner David D. Myers' motion to vacate (Doc. #35). The Court also **DENIES** his motion for appointment of counsel (Doc. #38).

**IT IS SO ORDERED.**

 /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**